(June 9, 1970)

■ DAMON RUNYON MEMORIAL FUND FOR CANCER RESEARCH, INC., Appellant, v. SERVICE CONTRACTING CO., INC., Defendant-Respondent and Third-Party Plaintiff. AQUATHERM CONDITIONING CORP. et al., Third-Party Defendants.— Judgment entered May 12, 1969, unanimously modified, on the law and on the facts, to the extent that a new trial is directed as to the first cause of action, and otherwise affirmed, without costs and without disbursements; execution of judgment as to the counterclaim in favor of defendant is stayed, however, pending the retrial of the first cause of action, which is hereby directed in the interests of justice. Multiple errors necessitate a retrial as to the first cause of action: (a) It is the province of the court, and not the jury, to rule initially on the qualification of an expert. (*Meiselman* v. *Crown Hgts. Hosp.*, 285 N. Y. 389, 398; Richardson, Evidence [8th ed.], § 388); (b) The court repeatedly circumscribed the testimony of the experts, at times refusing to permit them to testify even as to their observations; (c) A cardinal error was committed when the court rejected evidence of the work performed by and the money received by Engel & Co., on the ground there was " no connection with the plaintiff and defendant in the case. * * * There is no showing that the defendant in this case had any privity of contract with this witness or the party who made requisitions and received checks." The law of course is that there need be no privity at all between the parties, when a third contractor, such as Engel, is called in to rectify defects occasioned by the deficient work done by the contractor first engaged to do the work. (See *Crouch* v. *Gutmann*, 134 N. Y. 45; *Bellizzi* v. *Huntley Estates*, 3 N Y 2d 112.) Judgment on the counterclaim in favor of the defendant is permitted to stand because no probative evidence was offered to contradict either the alleged contractual understanding or the mathematical formula by which the sum was derived. We have stayed execution of this judgment to provide for the possibility plaintiff, on the retrial of its first cause of action, may set off in part or equal the amount of this judgment presently in

favor of defendant. Concur — Stevens, P. J., Eager, McGivern, Markewich and Nunez, JJ.